UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>IVAN LINGHON DELACRUZ,<br><br>        Defendant. | No.  2:12-cr-00132-GEB<br><br>**ORDER DENYING RESTITUTION REQUESTS**[*] |

        The government, on behalf of five individuals identified as John Does I-V,[1] seeks $7,500.00 in restitution per person under 18 U.S.C. § 2259. Defendant was sentenced on April 10, 2015, but the hearing scheduled on each John Doe's restitution request was continued to December 18, 2015.[2]

        "Enacted as a component of the Violence Against Women Act of 1994, [18 U.S.C.] § 2259 requires district courts to award restitution for certain federal criminal offenses, including child-pornography [distribution]." Paroline v. United States, 134

---

[*]     This matter is suitable for decision without oral argument.

[1]     John Does I-V, comprise five of eight individuals who were sexually abused and made the subject of child pornography while living together in a foster home. These eight individuals are referred to collectively as the "Erik" or "8 Kids" series. See generally The Law Office of Erik Bauer's Restitution Request, May 7, 2014, ECF No. 62.

[2]     On December 16, 2015, the parties filed a stipulation and proposed order requesting to continue the hearing on the restitution requests to January 29, 2016. The requested continuance is unnecessary in light of this order.

1

S. Ct. 1710, 1716 (2014).

> Section 2259 states a broad restitutionary purpose: It requires district courts to order defendants "to pay the victim . . . the full amount of the victim's losses as determined by the court," § 2259(b)(1), and expressly states that "[t]he issuance of a restitution order under this section is mandatory," § 2259(b)(4)(A).

Id. at 1718-19.

"[I]n order to award restitution under § 2259(b)(1), a district court must . . . determin[e, *inter alia,*] . . . that the individual seeking restitution is a 'victim' of the defendant's offense, § 2259(b)(1) . . . ." United States v. Kennedy, 643 F.3d 1251, 1263 (9th Cir. 2011). Section 2259 "defines a victim as 'the individual harmed as a result of a commission of a crime under this chapter.'" Paroline, 134 S. Ct. at 1720 (quoting § 2259(c)). "And **a straightforward reading of § 2259(c) indicates that the term 'a crime' refers to the offense of conviction. So if the defendant's offense conduct did not cause harm to an individual, that individual is by definition not a 'victim' entitled to restitution under § 2259.**" Id. (emphasis added) (citations omitted); see also id. at 1731 (Roberts, C.J. dissenting) ("[T]he statute allows restitution only for those losses that were the 'proximate result' of [the defendant's] offense. . . . [R]estitution may not be imposed for losses caused by any other crime . . . ."). Section 2559 "dictate[s] that an award of restitution is limited to victims of the offense of conviction and do[es] not authorize an award of restitution for uncharged conduct of a defendant." United States v. Longo, No. 14-57, 2015 WL 251561, at *1 (W.D. Pa. Jan. 20, 2015) (citing

Paroline, 134 S. Ct. at 1720).

Further, the government bears the burden of proving an individual's entitlement to restitution. See Paroline, 134 S. Ct. at 1719 ("Section 2259(b)(2) provides that '[a]n order of restitution under this section shall be issued and enforced in accordance with section 3664,' which in turn provides in relevant part that '[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government,' § 3664(e)." (alteration in original)); see also United States v. Nottingham, 533 F. App'x 789, 790 (9th Cir. 2013) ("We need not decide whether the government satisfied its burden of proving that [the defendant's] conduct proximately caused harm to the portrayed victims because the district court erred in calculating the restitution owed."); United States v. Hargrove, 714 F.3d 371, 375 (6th Cir. 2013) (stating "[i]f the government carries its burden to prove that a restitution award for [the requesting individuals] is appropriate, the court must consider that the defendant is not responsible for harm that occurred before the date of his offense").

Defendant plead guilty to Count I of the Indictment, which states in part:

> on or about January 31, 2011, . . . [Defendant] did knowingly distribute visual depictions using a means and facility of interstate and foreign commerce[] . . . where . . . such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct as defined in Title 18, United States Code, Section 2256(2), all in violation of Title 18, United States Code, Section 2252(a)(2).

3

(See Minutes, ECF No. 53; Indictment, ECF No. 1.) The Factual Basis for Defendant's Plea Agreement[3] states, in relevant part:

> On January 31, 2011, a law enforcement officer (LEO) acting in an online undercover capacity, signed into a file sharing program from a location the Cyber Crime Task Force located in Marion, Illinois. The LEO observed that the individual utilizing the username "strtrcrl" was logged into the network. The LEO browsed "strtrcrl's" shared directories and observed images and videos of suspected child pornography. The LEO downloaded 13 image files and 5 video files. During the downloads, the LEO used the program CommView to identify the downloads' Internet Protocol [("IP")] address. The LEO reviewed the files after the downloads were completed and determined all of the files depicted child pornography. The images and videos included both pubescent and prepubescent male children approximately twelve to fourteen years of age. The children were posed nude exposing their genitalia and engaged in sexual acts and intercourse with other children and adults.
>
> . . . .
>
> An administrative subpoena was served on Comcast Cable for IP address 76.20.117.75. A response was received which indicated that the subscriber at the time of the downloads lived in Tracy, in the Eastern District of California.
>
> A Federal search warrant was executed on March 22, 2011, for the residence with the IP address 76.20.117.75, in the Eastern District of California. A Lenovo laptop, made in China, serial number R8- KCF90 09/08, was seized during the execution of the search

---

[3] The Plea Agreement was filed under seal. The quoted portion thereof is hereby unsealed consistent with E.D. Cal. R. 141(f) which states: "Upon . . . the Court's own motion, the Court may, . . . consistent with applicable law, order documents unsealed."). This portion of the plea agreement is made public since it "bear[s] directly on criminal sentencing" in that it "influence[s] the judge's determination of" whether restitution should be awarded. United States v. Kravetz, 706 F.3d 47, 56 (1st Cir. 2013). Public "[a]ccess to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." Id. at 56-57 (internal quotation marks and citation omitted).

|   |   |
|---|---|
| 1 | warrant. A full forensic examination was conducted on the Lenovo laptop revealed in excess of 10,100 images and 110 videos of child pornography. The images depicted underage males lasciviously exhibiting their genitals or engaged in sexually explicit conduct. Among the images were the images and videos that had been downloaded by the Springfield Division on January 31, 2011 . . . . These files were found on the hard drive in the file folder ofUsers\ivandlc\Documents\GigaTribe. |

(Plea Agreement 14:2-15:10, ECF No. 44.)

The National Center for Missing and Exploited Children ("NCMEC") generated a report in this case after comparing the digital evidence found on Defendant's laptop computer to its repository of known child pornography files. The NCMEC report identified 147 image files from the "Erik" / "8 Kids Series" on Defendant's computer. (See Gov't Restitution Mem. 12:17-21, 12:25-26, ECF No. 97; id. Ex. 2.) That report evinces that Defendant possessed images of John Does I-V in March of 2011, when the computer was seized. However, there is no evidence in the restitution record that any image of John Does I-V were among those distributed on January 31, 2011, and the government acknowledges in its restitution memorandum that "there is no direct evidence tying [Defendant's] distribution to the specific victim[s] requesting restitution." (Id. at 10:21-22.)

For the stated reasons, each John Doe's restitution request is DENIED.

Dated:   December 17, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

5